UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROOTS, | No. 2:15-cv-0971 WBS KJN P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ELVIN VALENZUELA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed three petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (See ECF Nos. 1, 8, 10.)  Petitioner filed his second and third habeas petitions on his own accord, rather than in response to a court order.  For the reasons set forth below, the undersigned recommends that the habeas petitions be dismissed in their entirety.

Any grounds for habeas relief alleged in the thirty-nine pages of the first petition are largely indecipherable.  (See ECF No. 1.)  The first petition consists largely of passages such as, "Here is the order to grant that relief, if our society keeps moving forward pretending that we have a constitution that really works, but in fact is only as real as the paper money we trade with

////

////

////

1

nothing backing it, then at least allow us freedom and a way to utilize our SS# and our word as we sign, to pay the national debt, it is the reason we are killed and falsely accused Right?!"[1] (sic) (ECF No. 1 at 3.)  The following paragraph comes closest to articulating a potential basis for federal habeas relief:

> The fact is: the strike law did not apply to cases before Nov. 8, 1994.  The other fact is: the 1st Degree Burglary in 5/3/93 is the basis for the strike enhancements.  It is the only strikeable offence on record but in order for it to be a strikeable offence it had to meet the date requirement – which it does NOT and the strike law under § 667.5(c)(21) where the resident had to be in the house – at the time of the burglary charged – WHICH IT DOES NOT, the case was overcharged and no other enhancements or STRIKES should hold [petitioner] ROOTS, see exhibit[s] Penal Code § 667.5(c)(21), Probation Report page 7, line 3-11, line 18 is referring to line 3-11's strike being the prior strike because you can't get a strike by itself for line 17 "Disposition: Possession conviction by itself." As Counselor Reynolds suggested while yelling at Roots to "LOOK AT THE COMPUTER SCREEN" over and over, trying to make Roots agree with him.  MOST OF ROOTS other cases are Dismissed PROOF of whatever professional has said "Fishing for Prey." FURTHERMORE: ROOTS DOES NOT qualify for 85% and should be discharged!! NOW!

(sic) (ECF No. 1 at 14.)  Despite these assertions, no constitutional issue is presented in this paragraph.  Legislation enacting California's three strikes law became effective on March 7, 1994.  Ewing v. California, 538 U.S. 11, 15 (2003).  The related Proposition 184 was approved by voters on November 8, 1994.  Id.  It is well-settled that a judgment of conviction on a felony entered prior to the enactment of the three strikes laws can qualify as a strike.  See Brown v. Mayle, 293 F.3d 1019, 1040 (9th Cir. 2002) (finding constitutional the application of the three strikes law where prior offenses were committed and judgments of conviction entered before the law's enactment), vacated on other grounds, Mayle v. Brown, 538 U.S. 901 (2003).  Accordingly, the undersigned finds that the first petition fails to state a basis for federal habeas relief.

The second petition, which is twelve pages long, is similarly difficult to decipher.  There are a handful of sentences that – construed broadly in favor of the petitioner – might suggest a

---

[1] The first petition also includes documents apparently filed by petitioner in a previous federal habeas case, Roots v. Cate, no. 2:12-cv-02903-LKK-KJN (E.D. Cal.), in which petitioner challenged a 2010 conviction.  That case was dismissed due to plaintiff's failure to exhaust state remedies prior to filing his federal habeas petition.

claim of ineffective assistance of counsel.  For example, petitioner writes, "Just the fact counsel failed to refused to move to have the case, now in question, dismissed on the fact that the witness changed her statement . . . is an outright denial of counsel . . . ." (sic)  (ECF No. 8 at 5.)  But petitioner provides no additional information regarding the case or conviction he is challenging, and fails to identify the witness he is challenging.  As with the first petition, the majority of the second petition consists of sentences such as, "In fact [petitioner] Roots became a 'Slave' in violation of his 13th Amendment Right to the U.S. Constitution against 'Slavery' and involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States."  (Id.)  Accordingly, the undersigned finds that the second petition also fails to state a basis for federal habeas relief.

The third petition, which is seventeen pages long, consists largely of allegations that petitioner's fourteen-year-old daughter was physically abused by her mother, and then placed by child protective services with petitioner's mother, who had abused petitioner when he was a child.  (See ECF No. 10.)  While the court sympathizes with petitioner's worries about his daughter's safety, federal court is not a proper venue to address these concerns, nor is a habeas petition the proper vehicle for seeking assistance for a child in danger.  If petitioner wishes, he may contact the child protective services office which serves the jurisdiction where his daughter resides in order to express his concerns.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4, 28 U.S.C. foll. § 2254.  Rule 2 further requires that a habeas petition "(1) specify all the grounds for relief available to the petitioner [and] (2) state the facts supporting each ground."  Rule 2, 28 U.S.C. foll. § 2254.  "Notice pleading is not sufficient; rather, the petition must state

facts that point to a real possibility of constitutional error." O'Bremski v. Maass, 915 F. 2d 418, 420 (9th Cir. 1990) (internal quotations omitted).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

In the instant case, over the course of three purported habeas petitions, petitioner has provided only a handful of allegations that even remotely resemble grounds for habeas relief.  The allegations in question are vague at best.  Moreover, no facts are provided that support the grounds raised or that otherwise "point to a real possibility of constitutional error."  O'Bremski, 915 F.2d at 420.  Ultimately, despite having made three attempts to do so, petitioner has entirely failed to articulate grounds for federal habeas relief.  It is therefore recommended that the habeas petitions be dismissed with prejudice.

In accordance with the above, IT IS HEREBY RECOMMENDED that the petitions for writ of habeas corpus filed in this matter (ECF No. 1, 8, 10) be dismissed with prejudice for failure to state a basis for federal habeas relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

JM /root0971.101a+dism